■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT OVERSTREET, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County, imposed August 21, 1975, upon his conviction of manslaughter in the first degree, upon his plea

of guilty, the sentence being an indeterminate prison term with a maximum of 12 years. Sentence modified, as a matter of discretion in the interest of justice, by reducing the maximum period of imprisonment to six years. As so modified, sentence affirmed. In our opinion, the sentence was excessive to the extent indicated herein. Margett, Acting P. J., Damiani, Rabin and Shapiro, JJ., concur; Christ, J., dissents and votes to affirm the sentence, with the following memorandum: In this case defendant was indicted for murder in the second degree, in that he stabbed and killed an individual who was having an affair with his wife. On July 22, 1975 he pleaded guilty to manslaughter in the first degree, a Class B felony, and was sentenced to an indeterminate prison term with a maximum of 12 years. The facts in this case are not complex. Defendant was a member of the United States Army and, upon his return from a tour of duty in Europe, he discovered that his wife was having an affair with Tyrone Robinson. After defendant met with the alleged paramour, Robinson supposedly agreed to leave the wife alone. Approximately one week thereafter, while defendant and his wife were walking on the street, Robinson approached them. An argument ensued which led to a fight. Robinson supposedly struck defendant with a radio and then ran away. Defendant, nevertheless, pursued him and, thinking Robinson had something in his pocket, defendant pulled a knife and slashed Robinson, causing his death. Defendant blamed his problems on his wife and asked the trial court for leniency. For the same reasons I expressed in *People v Marchand* (51 AD2d 976), I perceive no abuse of discretion in the trial court's judgment. Again, an individual is dead. The victim was killed only when defendant decided to continue the altercation after he fled. Defendant produced and used the knife. Since the trial court imposed no minimum term, I would leave the matter in the hands of the parole board, which is in a better position to judge this defendant and determine when he should be released.